### BARNES v. RED BAYOU OIL CO., Inc.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1921.)

No. 3570.

1. **Corporations ☞406(1)—Joint agent is not authorized to act alone, after other disposes of interest.**

Authority by directors to several parties to contract for the corporation does not authorize one of them, acting alone, to bind the corporation, in the event of the others disposing of their interest in the corporation, so that he and the directors were the only stockholders.

2. **Corporations ☞426(11)—Approval of directors held necessary, notwithstanding agent's authority to bind corporation.**

Though an agent is given by directors authority to bind a corporation, it is not bound by contract entered into by him which expressly states that approval of directors is necessary to make it binding, and which is not shown to have been approved.

Appeal from the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Suit for specific performance by J. William Barnes against the Red Bayou Oil Company, Incorporated. From a decree dismissing the bill, complainant appeals. Affirmed.

J. D. Wilkinson, of Shreveport, La. (Wilkinson, Lewis & Wilkinson, of Shreveport, La., on the brief), for appellant.

T. H. McGregor, of Shreveport, La., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was a suit by appellant, J. William Barnes, against the appellee, the Red Bayou Oil Company, a pri-

vate corporation, to enforce the specific performance by the latter of a sale provided for by a written instrument signed in its name by its attorney, Huey P. Long. That instrument, which was signed by the appellant, also provided for the granting by the appellee to the appellant of an exclusive right to purchase at a stated price, payable in installments, a mineral, oil, and gas lease, owned by the appellee on a described tract of land, and certain properties, equipment, and appurtenances belonging to the appellee, including two wells drilled on the land covered by the lease. The concluding paragraph of the instrument mentioned was the following:

"It is agreed that this act, in order to be fully binding, shall have the approval of the board of directors of the Red Bayou Oil Company."

The bill as amended showed that prior to the making and signing of the instrument mentioned the following letter was sent to the person addressed; the signers constituting a majority of the appellee's board of directors:

"April 12, 1920. Huey P. Long, 318 Merchants' Building, Shreveport, La. Any deal you and the Thompsons make for the Red Bayou Oil Co. will be satisfactory with us. R. H. Fletcher, John F. Calhoun, O. K. Allen, W. A. Wright, Directors of Red Bayou Oil Co., Inc."

It was not shown that "the Thompsons" participated in the transaction evidenced by the instrument, unless the following averment so shows:

"The said parties mentioned in paragraph 4 of this bill [who were the persons whose names appear in the above set out letter], together with the said Thompsons, constituted all of the stockholders of the said Red Bayou Oil Company, Incorporated, and that by some sort of deed or arrangement, the details of which he is unable to learn, the interest of the said Thompsons had been disposed of, or at least that they were satisfied with the said contract made by the said Long attached to the original bill, and that the same was made with their full knowledge, acquiescence, and consent, and that they concurred in said deal made by the said Long with your orator."

[1, 2] It would seem that by reason of the alternative feature of the last quoted averment it could be sustained by evidence that "the interest of said Thompsons had been disposed of." That fact would not have given to the above set out letter to Long the effect of authorizing him alone to make a deal for the appellee. But it may be assumed that the appellee corporation would have been bound by a contract purporting to bind it, which might have been made by Long alone. It was not shown that any such contract was attempted to be made. By the express terms of the instrument signed and relied on, a contract pursuant to its terms was not to come into existence or be binding until it was approved, ratified, and sanctioned by the appellee's board of directors. Favorable action by the appellee's governing board subsequent to the signing of the instrument was made a condition precedent to the coming into being of a contract binding upon it. Such action was not averred. The fact that an agent who signs an instrument in the name of his principal is authorized to bind the latter does not have the effect of making such instrument a contract

before that is done which the terms of the instrument itself require to be done before it is to be binding on any one. The averments of the bill as amended do not show that in any way the appellee had be- come obligated to make the sale sought to be specifically enforced.

The decree dismissing the amended bill was proper, and it is af- firmed.